## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

_____

In Re:                                           :
MICHAEL ANDREW BASKIN            :    CASE NO. 10-22445 FJB
                                                 :    CHAPTER 7
DEBTOR                                      :
_____

## MOTION FOR RELIEF FROM AUTOMATIC STAY

JPMorgan Chase Bank, N.A. as and for a motion, pursuant to 11 U.S.C. §362(d) and Rule 4001(a) F.R.B.P., seeking an Order granting relief from Automatic Stay in order to obtain possession and dispose of its collateral, namely one 2007 Nissan Pathfinder, states the following as grounds therefore:

1. This Court has jurisdiction over this matter under 28 U.S.C. §§1334(b) and §157(a) and §362(d) of Title 11, United States Code (hereinafter referred to as the "Code"). Upon information and belief, this matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

2. On November 15, 2010, Michael Andrew Baskin hereinafter referred to as the 'Debtor' filed a voluntary petition under Chapter 7 of Title 11 of the Code with this Court.

3. On October 27, 2006, the Debtor entered into a Retail Installment Contract (hereinafter referred to as the "Contract") with Ira Nissan (hereinafter referred to as the "Seller"), whereby the Debtor agreed to pay a total of payments in the amount of $58,087.68 in connection with the purchase of a 2007 Nissan Pathfinder, Vehicle Identification Number 5N1AR18W57C603507 (hereinafter referred to as the "Motor Vehicle").

4. Thereafter, pursuant to its terms, the Contract was duly assigned by the Seller to JPMorgan Chase Bank, N.A. and the latter is now the holder and owner of same.

5. Pursuant to the terms and provision of the Contract, JPMorgan Chase Bank, N.A. was granted and presently retains a purchase money security interest in, inter alia, the Motor Vehicle and any accessories, equipment and replacement parts installed in said Motor Vehicle. No other collateral exists securing this obligation.

6. JPMorgan Chase Bank, N.A. duly perfected such security interest by noting its lien on the Certificate of Title. Copies of the Contract and Certificate of Title are collectively annexed hereto as Exhibit "A" and made a part hereof.

7. At the present time the Debtor is in default under the terms and provisions of the contract as follows:

    a. Balance Due: $24,509.89

    b. Arrears: $691.52 each for the months of October 11, 2010 through January 11, 2011.

(**NOTE**: The forgoing does not represent any amounts which may be due for late charges, costs and attorneys' fees as may be allowed by the Court).

8. JPMorgan Chase Bank, N.A. has ascertained that the fair market replacement value of the motor vehicle is $16,065.00, as set forth in the debtor's Bankruptcy Petition, Schedule B.

9. Pursuant to 11 U.S.C. §362(a), upon commencement of the bankruptcy case, JPMorgan Chase Bank, N.A. was and is stayed from taking any action against any debtor to obtain possession and control of the subject motor vehicle.

10. Upon information and belief, the Debtor continues continues to enjoy the use and possession of the motor vehicle subjecting same to normal occupational wear and tear thereby causing the motor vehicle to depreciate in value. It is respectfully submitted that the continued use of the motor vehicle shall eventually render it useless thereby causing JPMorgan Chase Bank, N.A. irreparable damage to its interests in same.

11. It is respectfully asserted that JPMorgan Chase Bank, N.A. 's interest in the motor vehicle will not be adequately protected if the automatic stay is allowed to remain in effect.

12. Accordingly, sufficient cause exists, pursuant to 11 U.S.C. §362(d)(1) (and/or (d)(2) if applicable) to grant JPMorgan Chase Bank, N.A. immediate relief from automatic stay herein.

13. No prior application for relief requested herein has been made.

**WHEREFORE,** JPMorgan Chase Bank, N.A respectfully requests that the Court issue an Order, pursuant to 11 U.S.C. §362(d)(1) (and/or (d)(2) if applicable) granting relief from automatic stay in order to obtain possession and dispose of its collateral; that this Court finds that Bankruptcy Rule 4001(a)(3) is not applicable so that JPMorgan Chase Bank, N.A. may immediately enforce its rights against the motor vehicle; and such other relief as the Court deems just and proper.

Dated at Bloomfield, Connecticut on February 9, 2011.

        MOVANT
        JPMORGAN CHASE BANK, N.A.

By /s/ Mitchell J. Levine
    Mitchell J. Levine
    Law Offices of Nair & Levin, P.C.
    707 Bloomfield Avenue
    Bloomfield, CT 06002
    BBO No. 638576
    Telephone No. (860) 242-7585
    mlevine@nairlevin.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | |
|---|---|
| In Re: | : |
| MICHAEL ANDREW BASKIN | : CASE NO. 10-22445 FJB |
|  | : CHAPTER 7 |
| DEBTOR | : |

**ORDER GRANTING RELIEF FROM AUTOMATIC STAY**

After notice and hearing on JPMorgan Chase Bank, N.A.'s (hereafter the "Movant") Motion for Relief from Stay

**IT IS HEREBY ORDERED** that the Automatic Stay of Section 362(a) of the Bankruptcy Code is modified so that the Movant may exercise its rights if any, under its security agreement with the above Debtor(s) with regard to a 2007 Nissan Pathfinder, Vehicle Identification Number 5N1AR18W57C603507, in accordance with State and Federal Law.

**IT IS FURTHER ORDERED** that the 14-day stay of Bankruptcy Rule 4001(a)(3) is not applicable so that the Movant may immediately enforce and implement this Order modifying the automatic stay.

Dated at Boston, Massachusetts this _____ day of _____, 2011

_____
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# BOSTON DIVISION

| | |
|---|---|
| In Re: | : |
| MICHAEL ANDREW BASKIN | : CASE NO. 10-22445 FJB |
| | : CHAPTER 7 |
| DEBTOR | : |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 9, 2011 in accordance with Rules 7004, 7005, and 9014 F.R.Bankr.P., I have served the following upon all parties entitled to notice (see attached Schedule "A") by first class mail postage prepaid or electronically:

(1) a copy of the Motion for Relief From Automatic Stay,
(2) a copy of the proposed order.

Dated: February 9, 2011

        THE MOVANT
        JPMORGAN CHASE BANK, N.A.

        BY/s/Mitchell J. Levine
          Mitchell J. Levine, Esq.
          NAIR & LEVIN, P.C.
          707 Bloomfield Avenue
          Bloomfield, CT 06002
          BBO #638576
          mlevine@nairlevin.com
          Telephone No. (860) 242-7585

# SCHEDULE A

Debtor(s)' Attorney:
**Terrence L. Parker**
185 Alewife Brook Parkway
Suite 404
Cambridge, MA 02138
tparker612@aol.com

Debtor(s):
**Michael Andrew Baskin**
20 Hemlock St
Brockton, MA 02302
*(Debtor)*

Codebtor
Sherril M. Manson
20 Hemlock St
Brockton, MA 02302

Trustee:
**Donald Lassman**
Law Offices of Donald Lassman
P. O. Box 920385
Needham, MA 02492
don@lassmanlaw.com
*(Trustee)*

**John Fitzgerald**
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109
USTPRegion01.BO.ECF@USDOJ.GOV
*(Assistant U.S. Trustee)*