UNITED SATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| In re: | \* |
| | \*     Chapter 7 |
| BASKIN, MICHAEL | \* |
| | \*     Case No. 10-22445-FJB |
| Debtor. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Now comes Michael Minnock, an unsecured creditor of debtor, Michael Baskin, and by his undersigned counsel hereby moves this Honorable Court pursuant to 11 U.S.C. § 362(d) for relief from the automatic stay entered in this action per 11 U.S.C. § 362 (a) as it applies to the case named and styled <u>Michael Minnock v. Michael Baskin, et al</u>, Plymouth County Superior Court, Civil Action No. PLCV2010-00020. This relief is sought for the limited purpose of enabling Mr. Minnock to pursue a tort action against Michael Baskin for personal injuries, including a fractured skull, arising out of an incident involving a physical altercation on February 7, 2007. Any judgment or settlement of this lawsuit would be wholly and solely funded by the liability insurer of Michael Baskin.

Creditor submits that relief from the automatic stay should be granted for cause as contemplated by Section 362 (d) of the Bankruptcy Code on account of, without limitation, the following reasons: Debtor will not be prejudiced by an order from this court lifting the automatic stay to the extent of the insurance carried by the debtor at the time of the incident, because if creditor, Michael Minnock, were to obtain a judgment against the debtor within the insurance policy limits, said monies would be paid by debtor's insurance carrier, Vermont Mutual, and not by the debtor.

Creditor---hereby preserves his right to file an adversary proceeding pursuant to Section 523(a)(6) of the Bankruptcy code as it is alleged that the personal injuries sustained by creditor, were caused by the debtor's actions in causing creditor, Michael Minnock, to suffer malicious personal injury as described above.

WHEREFORE, creditor -- moves this court for relief from the automatic stay so that he may pursue to the bodily injury tort claims against the debtor -- ---to the extent of any applicable liability insurance policy limits. Furthermore, creditor -- moves the court to deny debtor from being discharged to the extent his insurance company will be responsible for damages arising out of the February 7, 2007 incident.

Respectfully submitted,
Michael Minnock
By his Attorney,

Dated: 2/11/11

_____
Joseph K. Curran, Jr., Esq.
Curran & Desharnais, PC
11 Front Street, Suite One
Weymouth, MA 02188
781-331-3811 Telephone
781-331-3866 Facsimile
BBO# 668123

2

## CERTIFICATE OF SERVICE

I, Joseph K. Curran, Jr., counsel for the plaintiff, hereby certify that on the ___11th___ day of February 2011, I served a copy of the within document via facsimile and postage prepaid mail to the following counsel of record:

Owen P. McGowen, Esquire
80 Washington Street – C20
Norwell, MA 02061

Ozell Hudson, Jr., Esquire
434 Massachusetts Avenue, Suite 402
Boston, MA 02118

Terrence L. Parker, Esq.
185 Alewife Brook Parkway
Suite 404
Cambridge, MA 02138

_____
Joseph K. Curran, Jr.